United States District Court
Southern District of Texas
**ENTERED**
March 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ELIZABETH VALENTINE,** *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 5:14-CV-72 |
| § | |
| **JUSTIN HODNETT,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Justin Hodnett was running some personal errands one morning before work when his vehicle struck and killed another motorist, Jimmy Martin Valentine. Valentine's wife and children bring suit against Hodnett and his employer, LouTex Contractors, Inc., under several negligence theories of liability. Impelling these theories is the fact that Hodnett was being treated for back pain at the time of the accident with prescription Hydrocodone. LouTex was generally aware of Hodnett's Hydrocodone use, as he had reported the matter to a company safety inspector on his first day on the job around one-week earlier.

Pending is the Magistrate Judge's Report and Recommendation (Dkt. 51) concerning a motion for summary judgment filed by LouTex (Dkt. 41). The Magistrate Judge recommends summary judgment in favor of LouTex on the basis of Plaintiffs' inability to demonstrate either vicarious or direct negligence on the part of the company as a matter of law. Regarding the lack of vicarious liability, the principle is firmly established that an employer cannot be held liable for the harmful act of an employee unless the employee was acting within the course and scope of their employment. The Magistrate Judge's associated recommendation is predicated on the holding by the Texas courts that an employee does not act within the course and scope of their employment when driving their personal vehicle, for their own purpose, before and after work.

(*See* Dkt. 51 at 16-20.) Perhaps more complicated is the issue of direct liability. The Magistrate Judge recognizes that, while Texas employers generally owe no independent duty of care to third parties for the off-duty acts of their employees occurring away from the worksite, this rule is nonetheless subject to several limited exceptions. (*See id.* at 20.) These exceptions contemplate that an employer (1) assume control over an intoxicated employee's injury-causing conduct, or (2) hire and retain an employee despite knowing that the employee is unfit or incompetent to perform the job. For reasons that will be discussed more fully below, the Magistrate Judge concludes that Plaintiffs fail to raise a fact issue with regard to the application of either of these exceptions. As such, the Magistrate Judge recommends that LouTex's summary judgment motion be granted and Plaintiffs' claims against it be dismissed.

Before the Court now are Plaintiffs' objections to the Report. (Dkt. 52.) These objections are directed against the recommended findings and conclusions regarding LouTex's lack of direct liability. (*See id.* at 5-13.) Vicarious liability, on the other hand, does not appear to be at issue, as Plaintiffs raise no related objections to the Magistrate Judge's recommendations.

Having conducted a *de novo* review of the proposed findings and conclusions to which specific objection has been made, *see* 28 U.S.C. § 636(b)(1), the Court will accept the aforementioned dispositions by the Magistrate Judge.[1]

## Discussion

The Court turns first to a review of the Magistrate Judge's recommendations concerning the negligent hiring claim, as this presents a relatively straightforward issue. A successful negligent hiring claim requires a showing that the employer's negligence in hiring an unfit

---

[1] Alternatively, the Magistrate Judge recommends dismissal of any claims against LouTex for Plaintiffs' failure to sufficiently plead such claims. (*See* Dkt. 51 at 11-13.) Plaintiffs object to the *sua sponte* consideration of any pleading deficiencies by the Magistrate Judge. (Dkt. 52 at 2-5.) It is unnecessary, however, for the Court to reach this issue.

employee was the *proximate cause* of the plaintiff's injury. The Magistrate Judge cites several Texas authorities for the proposition that proximate cause requires some "nexus" between the plaintiff's injury and the employee's work duties. (Dkt. 51 at 31.) Indeed, it is well-recognized that the employee's incompetency must be job-related in some manner. *See Wise v. Complete Staffing Servs., Inc.*, 56 S.W.3d 900, 903 (Tex. App. 2001). In making her summary-judgment recommendation, the Magistrate Judge is of the opinion that there is no relation between Hodnett's job duties and Valentine's death, as it is uncontested that LouTex hired Hodnett, not to drive for the company, but to load equipment on vehicles and serve as a spotter for its drivers. (*See* Dkt. 51 at 33.) To this Plaintiffs lobby the objection that negligent-hiring liability may be imposed on an employer even when the employee's wrongful act occurs off the worksite and outside the scope of employment. (Dkt. 52 at 13.) But while this objection raises a technically valid point, Plaintiffs otherwise ignore the Magistrate Judge's findings and conclusions as to the lack of a nexus between Hodnett's job duties and Valentine's death, effectively leaving such findings and conclusions unobjected-to. At any rate, the Court agrees with the Magistrate Judge that Plaintiffs fail to raise a genuine issue as to proximate cause and, therefore, that summary dismissal of their negligent-hiring claim is appropriate.

Up for review now are the Magistrate Judge's findings and conclusions regarding the control theory of direct liability. To place Plaintiffs' objections thereto in context, the Court must first elaborate on the legal standards surrounding the control theory. Plaintiffs' objections will then be addressed in turn.

**A. Legal standard**

The Supreme Court of Texas has developed the control theory of liability by way of two limited scenarios: in *Otis Engineering Corporation v. Clark*, 668 S.W.2d 307 (Tex. 1983), the

employer put a clearly intoxicated employee in his car and made him drive home; and in *D. Houston, Inc. v. Love*, 92 S.W.3d 450 (Tex. 2002), the nightclub employer required its employee to consume alcohol but failed to prevent her from drunk driving. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 403, 405 (Tex. 2009). Based on these authorities, the control theory requires the elements of an employer's *knowledge* of the employee's incapacity, as well as the employer's *control* over that employee. *Jenkins v. Kemlon Prods. & Dev. Co.*, 923 S.W.2d 224, 226 (Tex. App. 1996). Insofar as knowledge is concerned, the case law calls for an employer's *actual* knowledge of incapacity, as opposed to a general awareness. *See Nabors*, 288 S.W.3d at 406 (citing *Otis*, 668 S.W.2d at 308, 311). In terms of control, the *Otis* case "requires an affirmative act . . . following, and prompted by, the employee's incapacity." *Id.* at 407 (citing *Otis*, 668 S.W.2d at 308, 311). The element of control is constellated in *Love* through intoxication as a very condition of employment. *See id.* at 409 (citing *Love*, 92 S.W.3d at 452, 454-56).

**B. Analysis**

The Magistrate Judge opines that Plaintiffs fail to raise a fact issue over both the elements of knowledge and control, and Plaintiffs object as to each of these broader conclusions.

**1. Knowledge**

Easily disposed of are Plaintiffs' objections on the element of knowledge. According to the Magistrate Judge—

> —[e]ven assuming [that] . . . Plaintiffs produced evidence of Hodnett's intoxication, they offer no evidence that LouTex knew Hodnett was intoxicated on the morning of [the accident]. Plaintiffs rely on the fact that Hodnett disclosed his Hydrocodone usage to LouTex as evidence of its knowledge of intoxication. However, all this proves is that LouTex knew Hodnett used Hydrocodone—a medicine which was prescribed to him by a doctor to deal with pain arising from a preexisting back injury—not that he was using this medication to the point of intoxication. Texas courts have been clear that general awareness of a potentially

dangerous condition, as opposed to actual knowledge, is insufficient to establish liability.

(Dkt. 51 at 23.) The point made here by the Magistrate Judge is clear: while the summary judgment evidence suggests that LouTex was generally aware of Hodnett's Hydrocodone use, such general awareness is insufficient to establish liability under the control theory. (*See id.*) In objecting, Plaintiffs attempt to raise the inference that "the record contains proof of LouTex knowing that Hodnett [was] taking dangerous amounts of his narcotic." (Dkt. 52 at 7.) However, Plaintiffs fail to set forth any evidence indicating that LouTex was actually aware of Hodnett's presumed intoxication at the time of the accident. Indeed, such actual awareness of intoxication arose in *Otis* based on the employer's direct observations made at the workplace. The same can be said of the *Love* case. In contrast here, Hodnett had yet to arrive for work when the accident occurred; and barring any direct observations at the workplace, Plaintiffs neglect to explain how LouTex could have otherwise acquired actual knowledge of intoxication. As such, the Court agrees with the Magistrate Judge that Plaintiffs fail to satisfy the knowledge element for purposes of the control theory.[2]

### 2. Control

Based on their objections, Plaintiffs' general position is that the control element was satisfied from "the day-one meeting between Hodnett and the LouTex safety inspector," at which the inspector "approved" of Hodnett's use of Hydrocodone to relieve any back pain experienced while on the job. (*See* Dkt. 52 at 8.) According to Plaintiffs, such control continued throughout

---

[2] Of course, a more fundamental aspect of the knowledge element is the fact of the employee's *intoxication*, and here the Magistrate Judge opines that there is no record evidence of Hodnett's intoxication on the morning of the accident. (Dkt. 51 at 22-23.) Plaintiffs specifically object to this conclusion as well. (Dkt. 52 at 5-6.) Nonetheless, a resolution of the intoxication matter is rendered moot by Plaintiffs' failure to raise a fact issue as to LouTex's knowledge of intoxication, if any.

Hodnett's employment given the "constant monitoring" by the safety inspector. (*See id.*) In discussing Plaintiffs' failure to raise a fact issue as to the element of control, the Magistrate Judge performs a separate analyses under *Otis* and *Love*.

### a. The *Otis* analysis

The Magistrate Judge's *Otis* analysis is as follows:

> When the only affirmative act of control "precede[s] the employee's shift and incapacity" and "amount[s] to establishing work conditions," the employer owes third parties no duty for the tortious acts of its employee. *See Nabors*, 288 S.W.3d at 407. The type of control discussed in *Otis* must be distinguished from the inherent control an employer exercises over its employees on a daily basis. *Id.* For the duty described in *Otis* to arise, the employer's control, established by its affirmative act, must be in reaction to the employee's intoxication. *Id.* The few words exchanged between Hodnett and LouTex's safety officer about his Hydrocodone usage preceded his scheduled shift on [the morning of the accident], were not prompted by any intoxication, and at most, established expectations and safety conditions for his use of prescription medications on the job. *Id.* (holding that an employer has no duty to third-parties when "the employer's only affirmative act of control preceded the employee's shift and incapacity and amounted only to establishing work conditions"). Unlike the employer in *Otis*, who witnessed firsthand the employee's intoxication during a work-shift and took the affirmative step of asking the employee to leave for the day, LouTex had no contact with Hodnett on the morning of [the accident].
>
> In this case, Hodnett's shift had ended the night before the accident. In between his last shift and the morning of [the accident], Hodnett went to the hospital [to obtain treatment for his low back pain], returned to his residence to sleep, woke up and drove his truck to a convenience store to purchase his meals for the day. Plaintiffs offer no evidence that during this extended period of time LouTex had the opportunity, much less the authority, to exercise affirmative control over Hodnett. Because there is no probative summary judgment evidence that LouTex knew Hodentt was intoxicated on [the morning of the accident] and exercised post-incapacity control over him, Plaintiffs have not established that LouTex owed Valentine the independent duty of care described in *Otis*.

(Dkt. 51 at 24-26 (internal citations modified).)

Plaintiffs' objections in this regard can be pared down to the argument that "the Magistrate Judge erroneously applied a timing requirement." (*See* Dkt. 52 at 10.) According to Plaintiffs, the Magistrate Judge applies this requirement by reading *Otis* to say that no duty exists

where the employer's only affirmative act of control *precedes* the employee's shift and incapacity, and that the employer's act of control must otherwise be *in reaction* to the employee's intoxication. (*See id.*) Plaintiffs apparently take this view in light of their general position that LouTex's "control began in the day-one interaction between Hodnett and the safety inspector and continued through the [morning of the accident]." (*Id.* at 10-11.)

Having reviewed *Otis* and its progeny, the Court agrees with the Magistrate Judge that the case has been plainly limited to those situations involving an employer's "post-incapacity control," in other words, where there is "an affirmative act of control following, and prompted by, the employee's incapacity." *Nabors*, 288 S.W.3d at 407 (citing *Otis*, 668 S.W.2d at 311). Plaintiffs fail to offer any authority to the contrary. Nor do they offer any acts of post-incapacity control on the part of LouTex.

### b. The *Love* analysis

Turning to the *Love* case, the Court notes once again that the control element was met there based on the work conditions imposed by the nightclub employer upon its employee. The employer required her to drink alcohol to the point of intoxication without taking any steps to prevent her from drunk driving. The Magistrate Judge distinguishes the instant case from *Love* in several respects. Among them, "[t]here is [ ] no summary judgment evidence that LouTex required its employees . . . to medicate (or over-medicate) to carry on with their job duties." (Dkt. 51 at 28.) Also, "[e]ven if . . . Hodnett's intoxication was a required condition of his employment with LouTex, the duty in *Love* is . . . limited in time and space to when the employee is about to leave the business premises while intoxicated." (*Id.* at 29.)

Of course, the Magistrate Judge makes other, ancillary findings and conclusions in light of the record facts and the *Otis* and *Love* progeny. And these are mostly the matters to which

Plaintiffs make objection. (*See* Dkt. 52 at 10-12.) But the recitation of such particulars is unimportant. In the end, Plaintiffs offer nothing by way of evidence in attempting to raise issues of fact with regard to the aforementioned circumstances made relevant by the *Love* case and appropriately relied on by the Magistrate Judge.

## Conclusion

As such, the Magistrate Judge's Report (Dkt. 51) is hereby ACCEPTED in the manner discussed herein, and LouTex's summary-judgment motion (Dkt. 41) is thus GRANTED. The Magistrate Judge's Report (Dkt. 51) further recommends the denial of an associated request by LouTex to strike aspects of Plaintiffs' response to the summary-judgment motion (Dkt. 49). Noting no objection by LouTex, the Report (Dkt. 51) is also ACCEPTED in this regard, such that LouTex's motion to strike (Dkt. 49) is DENIED. In accordance with these rulings, Plaintiffs' claims against LouTex are hereby DISMISSED in their entirety. The Magistrate Judge is now DIRECTED to set a status conference in this case.

IT IS SO ORDERED.

SIGNED this 2nd day of March, 2016.

_____
Diana Saldaña
United States District Judge